OPINION of the Court, by
Ch. J. Boyle.
— Young, wbo was the complainant in the court below, holds the elder entry, but the younger patent for the land which is the subject of controversy. The contest must therefore depend essentially upon the validity of his entry. It was made on the 7th of May, 1781, and is in the following words, viz- : “ John Young withdraws his entry of -32,> acres on Pond creek, and locates the sameonabraneh of Clear creek, running into said creek about two miles below' Harrod’s old trace, and about one mile up the said branch, to join land entered by J. F. Moore, on the said branch, and to run westward!}’ 260 poles, then southward with the west line, and down said creek for quantity.”
ttarrod’s old trace is sufficiently established, both with respect to its identity and notoriety. Clear creek is also well identified, and although it had at a prior period been known by the name at Brashears’s creek, it appears at the date of the entry to have acquired the appellation by which it is called in the entry. These however are objects of general description only, which might indeed lead a subsequent adventurer into the vicinity of the land intended to be appropriated, but could not enable him to find and avoid it, without the aid of other more definite calls. Of the other calls in the entry, that “ to join land entered by J. F. Moore” is the most important. Without the establishment of the object of this call, it is evident the entry cannot be sus-tauied, riot only because the position of the survey to be made on the entry, must, from the vague and indefinite nature of the other calls, be controled by the position of the object referred to in this call, but because if this call were disregarded the entry could not by any rational mode of construction be made to occupy any, or if any but a small part of the land in controversy. We will therefore proceed to inquire into the nature and effect of this call, and how far the object of it is established by the proof in the cause.
The expression used in this call is somewhat ambiguous. It may be understood to mean, that the land, referred to was entered by Moore, either in the name of some other, or that it was entered in his own name. The former is perhaps the most obvious import of the *510 expression ; we shall however consider the call undes> &e asPect which either meaning may give to it.
At the date of this entrv, James F. Moore had no entry in his own name on Clear creek, or its waters, but he had made one in the name of Daniel Broadhead, which is claimed as. the one intended, and which is in the following words and figures : “ May the 9th 1780, Daniel Broadhead enters 862 acres, by virtue of a treasury warrant, where the big old trace leading from the Falls to Harrodsburg crosses a large run, about 1 1-2 miles from Brashears’s creek, beginning 100 poles below the trace, and running up the said run for quantity.’’
That this entry was in fact made by Moore, is too well proven to admit of a doubt. The establishment of this fact however, does not seem in itself sufficient to warrant the conclusion that the call is a good one, or the object of it sufficiently proven. If the call is to be considered as meaning that the land to be adjoined was entered by Moore, not in his own name, but in that of some one else; how, it may be asked, was the subsequent adventurer to ascertain that the entry in the name of Broadhead was the one intended ? The call contains no indication of such intention. In a case like those which ordinarily occur, where the call is for a sensible object permanently existing upon the land intended to. be appropriated, if it be accurately described, an inquirer, led by the general objects of description into its vicinity, would with reasonable diligence be enabled to discover it. But the call here is of a very different kind. The object claimed as the one intended to be adjoined, is not designated by any marks or indices upon the land, but by a past fact, which when done, left no. traces that it ever had existed, except in the memory oí those who happened to be cognusant of it.
In vain would a subsequent locator search for any indications of the fact upon the land in the vicinity, to-which the general objects of description would conduct him ; equally vain and fruitless would be his examination of the entry books. He might there indeed find Broadhead’s entry, but instead of containing any suggestion that it was made by Moore, he would find that on its face it imported to be made by Broadhead him» a.elf; and if he reasoned correctly, he could not possibly. *511 iafer that It was the entry referred to. The call under consideration doubtlessly implies that Moore bada knowledge of the fact that the entry referred to was made by him ; and this is the only clew given, by which a subsequent locator could have directed his inquiries. But we are not aware that an entry dependant upon a call thus describing its object by no natural or artificial marks upon the land, and to a discovery of which object no clue is given, otherwise than by a reference to the knowledge of a private individual, has ever been adjudged good in this court. It may admit of much doubt, whether under any circumstances such an entry ought tobe sustained, but if it ought in any case, ⅛ could only Be where there was the most unequivocal proof that the knowledge of the fact upon which the entry was mad© to depend, was so general in the vicinity of the place, that no person conversant there could be presumed to be ignorant of it.
If the call is considered as referring to land entered by Moore in his own name, then the entry in the name of Broadhead does not correspond with the description. It is true, that notwithstanding the entry is in the name of Broadhead, it might by reputation have acquired the name of Moore’s entry or land ; and a call for an object by its reputed name has been frequently decided to be good, but in such cases the notoriety of the reputed name has always been held to be an indispensable requisite. This is peculiarly necessary in a case like the present, where the land to be adjoined is not designated by marked boundaries, nor the quantity of land mentioned, and where the subsequent locator would see upon the record that the entry claimed to be the one intended, was not in the name of Moore, but of Broad-head. If then the call can be deemed a good one in any sense in which it can be understood, the notoriety of the fact, or the name by which the object is designated, ought to be established by the most unequivocal and satisfactory proof. The proof in this case we do not think is of this description ; it is somewhat contradictory, but the weight of it is in our estimation opposed to the establishment of notoriety. But taking the affirmative evidence alone, where the call, as it is here, is doubtful in itself, and with reference to the object claimed as the one intended, calculated to embarrass and *512 Aislead a subsequent adventurer, the proof never Aeries* cannot be deemed sufficient to establish the fact of notoriety, to the extent which seems indispensably requisite.-1 — The decree affirmed, with costs*